IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:19CR597-1 |
| | : | |
| v. | : | |
| | : | |
| FRANCISCO JAVIER OCHOA, JR. | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Matthew G.T. Martin, United States Attorney for the Middle District of North Carolina, and the defendant, FRANCISCO JAVIER OCHOA, JR., in his own person and through his attorney, David B. Smith, and state as follows:

1. The defendant, FRANCISCO JAVIER OCHOA, JR., is presently under Indictment in case number 1:19CR597-1, which charges him in object one of the Indictment with a violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A), conspiracy to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine hydrochloride; and which in object two of the Indictment charges him with a violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B), conspiracy to distribute 100 kilograms or more of marihuana.

2. The defendant, FRANCISCO JAVIER OCHOA, JR., will enter a voluntary plea of guilty to objects one and two of the Indictment herein. The nature of these charges and the elements of these charges, which must be

proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

      a.    The defendant, FRANCISCO JAVIER OCHOA, JR., understands that as to object one of the Indictment herein, he shall be sentenced to a term of imprisonment of not less than ten years, nor more than life, a fine not to exceed $10,000,000, or both. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, FRANCISCO JAVIER OCHOA, JR., the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled Sentence of Fine. Any sentence imposing a term of imprisonment shall impose a term of supervised release of at least five years in addition to such term of imprisonment.

      b.    The defendant, FRANCISCO JAVIER OCHOA, JR., understands that, as to object two of the Indictment herein, he shall be sentenced to a term of imprisonment of not less than five years and not more than forty years, a fine not to exceed $5,000,000, or both. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant FRANCISCO JAVIER OCHOA, JR., the

2

defendant may, in the alternative, be fined not more than the greater of twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled Sentence of Fine. Any sentence imposing a term of imprisonment shall impose a term of supervised release of at least four years in addition to such term of imprisonment.

    c.    The defendant, FRANCISCO JAVIER OCHOA, JR., further understands that the sentence to be imposed upon him is within the discretion of the sentencing court subject to the statutory maximum and mandatory minimum penalties set forth above. The sentencing court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

    d.    The defendant, FRANCISCO JAVIER OCHOA, JR., understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his immigration

3

status. The defendant, FRANCISCO JAVIER OCHOA, JR., nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences his guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States. The defendant, FRANCISCO JAVIER OCHOA, JR., further understands that in the event he is a naturalized citizen, entering a plea of guilty may result in denaturalization proceedings being instituted against him leading to his removal and possible permanent exclusion from the United States.

3. By voluntarily pleading guilty to objects one and two of the Indictment herein, the defendant, FRANCISCO JAVIER OCHOA, JR., knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, FRANCISCO JAVIER OCHOA, JR., is going to plead guilty to objects one and two of the Indictment herein because he is, in fact, guilty and not because of any threats or promises.

4

5. The extent of the plea bargaining in this case is as follows:

a. It is understood that if the Court determines at the time of sentencing that the defendant, FRANCISCO JAVIER OCHOA, JR., qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

b. The defendant, FRANCISCO JAVIER OCHOA, JR., agrees that the substance involved in the offense alleged in object one of the Indictment herein for which he is accountable is 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine hydrochloride; and that the substance involved in the offense alleged in object two for which he is accountable is 100 kilograms or more of marihuana.

c. The defendant, FRANCISCO JAVIER OCHOA, JR., hereby abandons interest in, and consents to the official use, destruction, or other disposition of each item seized and/or maintained by any law enforcement agency during the course of the investigation, unless such item is specifically provided for in another section of this plea agreement. The defendant, FRANCISCO JAVIER OCHOA, JR., waives any and all notice of any

5

proceeding to implement the official use, destruction, or other disposition of such items.

   d. It is further agreed by and between the United States and the defendant, FRANCISCO JAVIER OCHOA, JR., that in exchange for the Government's agreement not to seek additional charges pursuant to Title 18, United States Code, Sections 1956, 1957, and 1960, FRANCISCO JAVIER OCHOA, JR. expressly waives the right to appeal the conviction and whatever sentence is imposed on any ground, including any appeal right conferred by Title 18, United States Code, Section 3742(a), and further to waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under Title 28, United States Code, Section 2255, excepting the defendant's right to appeal or collaterally attack based upon grounds of (1) ineffective assistance of counsel, (2) prosecutorial misconduct not known to the defendant at the time of the defendant's guilty plea, (3) a sentence in excess of the statutory maximum, and (4) a sentence based on an unconstitutional factor, such as race, religion, national origin or gender.

  6. With regard to forfeiture, the United States and the defendant, FRANCISCO JAVIER OCHOA, JR., agree as follows:

   a. The defendant, FRANCISCO JAVIER OCHOA, JR., knowingly and voluntarily consents and agrees to forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property

6

constituting, or derived from, any proceeds traceable to or obtained, directly or indirectly (or a sum of money representing the total amount of proceeds obtained as a result of the drug trafficking activity). The property to be forfeited includes but is not limited to a money judgment in the amount of Two Hundred Fifty Thousand and 00/100 Dollars ($250,000.00), in that such sum equals the total amount subject to forfeiture as a result of the offense(s) alleged in the Indictment.

      b.    The defendant agrees to identify all assets over which he exercises or exercised control, directly or indirectly, within the past six years, or in which he has or had during that time any financial interest.

      c.    The defendant agrees to take all steps as requested by the government to pass clear title of any assets subject to forfeiture to the United States, including but not limited to surrender of title and execution of documents necessary to transfer his interests in such property. The defendant further agrees to take necessary steps to insure that assets which may be subject to forfeiture, including substitute assets, are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture, and to testify truthfully in any judicial forfeiture proceeding.

      d.    The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry

of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted

  e. The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. The defendant further knowingly and voluntarily waives all constitutional, legal and equitable claims, defenses and challenges to the forfeiture of assets in any proceeding, administrative, criminal or civil, any jeopardy defense or claim of double jeopardy, and any claim or defense under the Eighth Amendment to the United States Constitution.

  f. The defendant knowingly and voluntarily agrees and understands the abandonment, civil administrative forfeiture, civil judicial forfeiture, or criminal forfeiture of the property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture.

g. The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the forfeiture, including any money judgment amount, is collected in full.

7. The defendant, FRANCISCO JAVIER OCHOA, JR., agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

8. The defendant, FRANCISCO JAVIER OCHOA, JR., agrees that his debt resulting from the criminal monetary penalties due under the criminal judgment will be submitted to the Treasury Offset Program even if he is current in his payments under any Court imposed payment schedule.

9. It is further understood that the United States and the defendant, FRANCISCO JAVIER OCHOA, JR., reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

10. The defendant, FRANCISCO JAVIER OCHOA, JR., further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

11. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set

forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 28 day of February, 2020.

MATTHEW G.T. MARTIN
United States Attorney

DAVID B. SMITH
Attorney for Defendant

SANDRA J. HAIRSTON
NCSB #14118
First Assistant
United States Attorney
101 S. Edgeworth St., 4th Floor
Greensboro, NC 27401
336/333-5351

FRANCISCO JAVIER OCHOA, JR.
Defendant

11